FILED
1/27/2020 4:20 PM
Delia Sellers
District Clerk
Liberty County, TX
Becky Lee

CAUSE NO. CV2015573

| | | |
|---|---|---|
| DAVID MIZE and TAMMY R. MIZE<br>Individually<br>and as next friends of A. M., a minor<br>Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | LIBERTY COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>Defendant. | §<br>§<br>§<br>§ | 253RD JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DAVID MIZE AND TAMMY R. MIZE Individually and as next friends of AdamHunter Mize, a minor ("Plaintiffs"), complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, hereinafter referred to as Allstate ("Defendant"), and would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1.  Plaintiffs request discovery be conducted under level 3 in accordance with the Texas Rules of Civil Procedure.

### II.
### REQUEST FOR DISCLOSURE

2.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendant to disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law office within 50 days

CERTIFIED
COPY

service of this request.

## III.
## PARTIES

3.    Plaintiffs are individuals residing in Texas.

4.    Defendant, ALLSTATE FIRE and CASUALTY INSURANCE COMPANY, is a corporation duly organized and existing pursuant to law and may be served with citation herein by serving its registered agent, C T Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201-3136.

## IV.
## JURISDICTION

5.    The Court has jurisdiction over Defendant because it has either done business in Texas, committed a tort in Texas, and/or have had continuous contacts with Texas. In addition, the damages for which Plaintiffs bring suit exceed the minimal jurisdictional limits of the Court.

## V.
## VENUE

6.    Venue is proper in Liberty County, Texas because it is the county in which all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1).

## VI.
## FACTS

7.    On October 6, 2019, Plaintiffs were traveling northbound on US 59 near Hwy 1314 in Montgomery County, Texas. SHAQUAN CRAWFORD, was traveling behind Plaintiffs when he failed to control his speed and crashed into Plaintiffs from behind. As a result of the crash, Plaintiffs would seek medical treatment..

2

CERTIFIED COPY

8.      Defendant ALLSTATE FIRE and CASUALTY INSURANCE COMPANY is Plaintiffs'

automobile insurance provider. At the time of the incident that made the basis of this lawsuit,

Plaintiffs were covered by Texas Automobile Policy No. 838 229 419 with Defendant

ALLSTATE FIRE and CASUALTY INSURANCE COMPANY. Under the policy, Plaintiffs had

a provision protecting them against underinsured and uninsured drivers.

## VII.
## NEGLIGENCE OF SHAQUAN CRAWFORD

9.      SHAQUAN CRAWFORD had a duty to exercise ordinary care and operate his motor

vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Mr.

CRAWFORD breached his duty in one or more of the following ways:

   a.   In driving the vehicle at a faster rate of speed than a person of ordinary, reasonable
        prudence would have driven under the same or similar circumstances.

   b.   In failing to keep such a lookout as a person of ordinary, reasonable prudence
        would have kept under the same or similar circumstances.

   c.   In failing to swerve or otherwise maneuver the vehicle so as to avoid the collision
        made the basis of this suit.

   d.   In failing to bring the vehicle which Mr. CRAWFORD was driving to a stop, so as
        to avoid the collision made the basis of this suit.

   e.   In failing to make a timely application of the brakes of the vehicle which Defendant
        was driving, so as to avoid the collision made the basis of this suit.

   f.   In failing to equip the vehicle with adequate brakes.

   g.   In following or traveling behind Plaintiffs' vehicle more closely than a person
        exercising ordinary care and prudence would have followed or traveled under the
        same or similar circumstances.

10.     Defendant's acts and omissions were a proximate cause of Plaintiffs' injuries.

3

CERTIFIED COPY

## VIII.
## NEGLIGENCE *PER SE OF* SHAQUAN CRAWFORD

11.     Mr. CRAWFORD's negligence violated sections of the Texas Transportation Code ("TTC"). Specifically, Defendant violated:

> TTC §545.062:     Duty of a driver traveling directly behind another vehicle to maintain a safe distance as not to collide with the vehicle directly in front of them.

12.     The above provision of the TTC are designed to protect a class of persons to which Plaintiff belonged. Violations of the above TTC sections impose tort liability. Mr. CRAWFORD's violations of the above TTC section were done without legal excuse. Mr. CRAWFORD breached of various duties imposed on him by the above TTC section proximately caused Plaintiffs' injuries, resulting in the damages itemized below.

## IX.
## UNDERINSURED MOTORIST PROTECTION

13.     Plaintiff would show that the vehicle operated by Mr. CRAWFORD at the time of the occurrence described above, was operating an underinsured motor vehicle, as the term is defined in the policy of insurance issued by Corporate Defendant ALLSTATE FIRE and CASUALTY INSURANCE COMPANY to Plaintiff a Texas Automobile Policy No. 838 229 419 with coverage effective on October 6, 2019.   Plaintiffs' claim against SHAQUAN CRAWFORD has been settled. Mr. CRAWFORD's liability carrier has paid Plaintiffs the policy limits on his policy. Therefore, Plaintiffs now bring suit against Corporate Defendant ALLSTATE FIRE and CASUALTY INSURANCE COMPANY to recover the damages that Plaintiff would have been entitled to recover against Mr. CRAWFORD had he had an effective policy in place to adequately

4

CERTIFIED COPY

compensate Plaintiffs for their injuries. These damages include, but are not limited to, customary personal injury damages. The policy issued by Corporate Defendant ALLSTATE FIRE and CASUALTY INSURANCE COMPANY provides that Plaintiffs were entitled to recover from Corporate Defendant ALLSTATE FIRE and CASUALTY INSURANCE COMPANY the same damages to which Plaintiffs would have been entitled against the uninsured/underinsured Defendant who caused Plaintiffs' injuries and damages.

## X.
## RESPONDEAT SUPERIOR

14.     Defendant ALLSTATE is liable for the torts committed by its employees during the course and scope of their employment. Defendant Allstate's employees while acting within the course and scope of their employment (and in furtherance of Defendant Allstate's business), had a general duty to exercise reasonable care in performing their work. Defendant Allstate's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant ALLSTATE is liable for the actions of its agents, servants, and/or employees.

## XI.
## DAMAGES

15.     Plaintiffs seek damages within the jurisdictional limit of the Court. Plaintiffs seek monetary relief over $500,000.00 but no more than $1,000,000.00 and demand judgment for all other relief to which Plaintiffs deem themselves entitled.

16.     Plaintiffs suffered the following damages and ask to be fairly and reasonably compensated for each:

   a.     The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

   b.     The physical pain and suffering Plaintiffs have suffered in the past and

5

CERTIFIED COPY

will continue to suffer in the future;

c.   The mental anguish Plaintiffs have suffered in the past and will continue to suffer in the future;

d.   The loss of enjoyment of life Plaintiffs have suffered in the past and will continue to suffer in the future;

e.   The physical disfigurement Plaintiffs have suffered in the past and will continue to suffer in the future;

f.   The physical impairment Plaintiffs have suffered in the past and will continue to suffer in the future;

g.   The loss of opportunity Plaintiffs have suffered in the past and will continue to suffer in the future;

h.   The loss of any earning sustained by Plaintiffs in the past, and the loss of reduction of Plaintiffs' earning capacity in the future;

i.   Any lost wages; and

j.   Any property damage.

## XII.
## CONDITIONS PRECEDENT

17.   All conditions precedent have been performed or have occurred as required by Texas Rules of Civil Procedure 54.

## XIII.
## PRESERVATION OF EVIDENCE

18.   Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle

6

which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, date, or information related to Defendant or SHAQUAN CRAWFORD, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XIV.
## RULE 193.7

19.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendant that any and all documents produced may be used against the Defendant producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XV.
## ATTORNEYS FEES

20.     As a result of Defendant ALLSTATE's actions complained of in this Petition, Plaintiffs were required to engage the services of the law firm of Thomas Thurlow & Associates. Plaintiffs, therefore, seek reimbursement of reasonable attorney's fees, inasmuch as Plaintiffs have been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to the Texas Civil Practice and Remedies Code, Plaintiffs hereby make this written presentment of their claim for attorney fees.

## XVI.
## PREJUDGMENT INTEREST

21.     Plaintiffs also specifically plead for prejudgment interest, as prescribed by law on damages that have been accrued by the time of the judgment.

7

CERTIFIED COPY

## XVII.
### PRAYER

22.     For the above reasons, Plaintiffs pray they obtain judgment against Defendant with interest

on the judgment at the legal rate, pre-judgment interest, cost of court, attorney fees and for such

other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES,
P.C.**

By
Thomas N. Thurlow
Texas Bar No.: 20003000
4900 Woodway Drive, Suite 1040
Houston, Tx   77056
Tel: (713) 224-6774
Fax: (713) 237-1408
Email:   lcastillo@thurlowlaw.com
ATTORNEYS FOR PLAINTIFFS

CERTIFIED COPY